IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

| | |
|---|---|
| VIDEO INSIGHT INC. | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| HAWK TECHNOLOGY SYSTEMS, LLC | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Video Insight Inc. ("Video Insight") brings this action for declaratory judgment against Hawk Technology Systems, LLC ("Hawk"). Video Insight seeks, among other things, declaratory judgment of non-infringement of U.S. Patent No. RE43,462 (the "'462 patent"), that certain claims of the '462 patent are invalid, and that Video Insight has intervening rights with respect to the '462 patent. Video Insight alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement and invalidity of and intervening rights with respect to the '462 patent.

## THE PARTIES

2. Plaintiff Video Insight is a Texas corporation having a principal place of business at 3 Riverway, Suite 700, Houston, Texas 77056. Video Insight offers intelligent, user-friendly, state-of-the-art IP video surveillance systems to businesses, schools, universities, hospitals, banks, hotels, and other facilities.

3. Video Insight was launched in 2002 and has focused exclusively on video surveillance software since its inception. Its enterprise video management system, marketed as Video Insight, provides flexibility for organizations of all sizes to deploy video surveillance systems at their places of business. Video Insight has been making, using, selling, and marketing its enterprise product since 2004.

4. Upon information and belief, Defendant Hawk is a Florida limited liability company with a principal place of business at 2 South Biscayne Blvd., Suite 3800, Miami, Florida 33131.

5. Upon information and belief, Hawk was formed in 2012 and its business is directed to owning and enforcing the '462 patent in litigation.

## JURISDICTION AND VENUE

6. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and under the Patent Laws of the United States, as enacted under Title 35 of the United States Code. This Court has jurisdiction over this action pursuant to 35 U.S.C. §§ 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, and 2201-2202.

7. Hawk is subject to personal jurisdiction in this judicial district because Hawk resides in this district, has purposefully availed itself of the privilege of doing business in this judicial district, transacts business in this district, and has sufficient minimum contacts with Florida to render the exercise of jurisdiction over Hawk compatible with due process.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1391(c), as well as 28 U.S.C. § 1400(b), as Hawk resides in this district and/or wrongful acts as alleged herein have occurred in this district.

## THE PATENT AT ISSUE

9. U.S. Patent No. 5,625,410 issued on April 29, 1997. On April 28, 1999, a reissue application of U.S. Patent No. 5,625,410 was filed.

10. As part of the reissue application, the patentees declared that "our issued patent is at least partially inoperative or invalid in that we claim less than we had the right to claim."

11. During the prosecution of the reissue, the patent applicants amended the language and scope of the original claims of U.S. Patent No. 5,625,410 and also added new claims.

12. On June 12, 2012, U.S. Patent No. 5,625,410 was reissued as the '462 patent. (*See* Exhibit 1, attached hereto.) The '462 patent is entitled "Video Monitoring and Conferencing System." The '462 patent identifies the alleged inventors as Kinya Washino and Barry H. Schwab.

13. Hawk does not mark any products with the patent number of the '462 patent.

14. Hawk has not in any license, settlement, or other agreement required any licensee or other third party to mark products with the patent number of the '462 patent.

## HAWK'S ACTIVITIES

15. Hawk claims to be the owner by assignment of the '462 patent.

16. Upon information and belief, Hawk does not receive any profit from its alleged ownership of the '462 patent without obtaining licensing fees from other entities.

17. Since February 2013, Hawk has filed approximately sixty (60) lawsuits for infringement of the '462 patent in federal courts throughout the United States. Approximately eighteen (18) of Hawk's patent infringement suits have been filed within the last two months.

18. Hawk has filed at least two infringement suits against parties that use or have used Video Insight's video surveillance products – Southern Methodist University ("SMU") and Bethune-Cookman University, Inc ("Bethune-Cookman").

19. Hawk sued SMU on or about November 12, 2014 (Case No. 3:14-cv-04002-N (N.D. Texas)). A true and accurate copy of the complaint against SMU is attached hereto as Exhibit 2.

20. Hawk sued Bethune-Cookman on or about November 17, 2014 (Case No. 6:14-cv-01869-PGB-KRS (M.D. Fla.)). A true and accurate copy of the complaint against Bethune-Cookman is attached hereto as Exhibit 3.

21. SMU and Bethune-Cookman are identified on Video Insight's website. Video Insight further provides information about its products and services as part of case studies on SMU and Bethune-Cookman that can be found on Video Insight's website. (*See* Case Studies, *available at* www.video-insight.com/market/case-studies.php, attached hereto as Exhibits 4 and 5.)

22. Hawk learned about SMU and Bethune-Cookman's use of video surveillance products from Video Insight's website.

23. The Bethune-Cookman case study is attached as Exhibit A to Hawk's Complaint against Bethune-Cookman. The "video storage and display system" identified in Exhibit A and paragraph 19 of Hawk's Complaint against Bethune-Cookman as allegedly infringing the '462 patent is Video Insight's enterprise IP software.

24. Hawk provided SMU with a detailed claim chart that described element-by-element Hawk's allegations of infringement of three independent claims of the '462 patent, claims 1, 12, and 15. A true and correct copy of this claim chart is attached hereto as Exhibit 6.

25. The claim chart is titled "HAWK '462 Claim Chart – Southern Methodist University." Other than this header, there is no mention of SMU anywhere in the 27-page claim chart. (*See* Exhibit 6.)

26. The chart is broken down into four columns: "Independent Claim No. X"; "Hawk USP RE43,462 E"; "Product Disclosure"; and "Comments & Reference." (*See id.*)

27. In nearly every row of the claim chart, components of Video Insight's video surveillance software are listed and described in the "Product Disclosure" column. (*See id.*)

28. Before each recitation of Video Insight's products in the "Product Disclosure" column, Hawk uses the term "Practiced," indicating that users of Video Insight's IP video surveillance software are alleged to practice the identified element of the patent claim. (*See id.*)

29. In nearly every row of the claim chart, Video Insight's products are referenced in the "Comments and Reference" column. (*See id.* (identifying "Video Insight's Enterprise IP v4.2 product suite").)

30. In addition, in every row of the claim chart, urls are provided to Video Insight's website, including Video Insight's white papers, and Administrator and Users guides. (*See id.*)

31. Excerpts from the Video Insight website describing its enterprise software's functionality are also included within the "Product Disclosure" column of the claim charts. (*See id.*)

32. Hawk identifies Video Insight's products in nearly every element of every independent claim in Hawk's claim chart. No other company's products are mentioned by name or reference in the chart. No other company's brochures, information, or websites are referenced in the chart. (*See id.*)

33. Hawk's repeated identification of Video Insight's enterprise IP software indicates that Hawk considers Video Insight's products to be material components of the alleged infringement of the '462 patent by SMU, and that Video Insight is at a minimum inducing and/or contributing to the '462 patent's infringement through the sale of its video surveillance products.

34. Since shortly after claiming ownership rights, Hawk has employed an aggressive litigation strategy with respect to the enforcement of the '462 patent against perceived infringers.

35. Upon information and belief, Hawk will initiate suit against Video Insight for patent infringement. Upon information and belief, Hawk will continue to initiate suits against users of Video Insight's software for patent infringement.

36. Unless enjoined, Hawk's actions against Video Insight and its customers threaten irreparable harm for which there is no adequate remedy of law.

37. Based on the foregoing, there is a substantial and justiciable controversy between Video Insight and Hawk that warrants declaratory judgment.

## COUNT ONE – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '462 PATENT

38. Video Insight repeats and realleges paragraphs 1-37 as if fully set forth herein.

39. Hawk claims to be the owner of all legal rights, title, and interest in the '462 patent, including the right to enforce the '462 patent.

40. Hawk provided an infringement claim chart to a user of Video Insight software that it has sued for patent infringement. The claim chart alleges that use of Video Insight's video surveillance products, in conjunction with standard, unidentified computer systems and hardware, infringe the '462 patent.

41. Hawk's claim chart specifically identifies and references Video Insight's enterprise product suite as practicing essential elements of the '462 patent's claims. Hawk reinforces this assertion through repeated references to Video Insight's website, product brochures and data sheets.

42. Hawk's assertions in its claim chart indicate Hawk believes Video Insight is liable for, at a minimum, inducing and/or contributory infringement of the '462 patent.

43. The products provided by Video Insight to its customers and utilized by its customers do not infringe, either directly, indirectly, or contributorily, any valid claim of the '462 patent.

44. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

45. An actual and justiciable controversy exists between Video Insight and Hawk as to whether the '462 patent is infringed by Video Insight. A judicial declaration is necessary and appropriate so that Video Insight may ascertain its rights regarding the '462 patent.

46. Video Insight is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT TWO – DECLARATORY JUDGMENT OF INVALIDITY OF THE '462 PATENT

47. Video Insight repeats and realleges paragraphs 1-46 as if fully set forth herein.

48. Video Insight contends that one or more claims of the '462 patent are invalid and/or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. § 1, *et seq.*, including but not limited to § 101, 102, 103, and/or 112.

49. As one example, at least claims 1, 12, and 15 of the '462 patent are invalid under 35 U.S.C. § 102 as anticipated by at least U.S. Patent No. 5,237,408 to Blum *et al.*, filed August 2, 1991, and/or U.S. Patent No. 5,375,068 to Palmer *et al.*, filed June 3, 1992.

50. Further, claims 1, 12, and 15 are invalid under 35 U.S.C. § 103 as obvious over the above-mentioned patents in combination with each other, or in combination with at least U.S. Patent No. 6,335,722 to Tani *et al.*, filed October 24, 1994.

51. As another example, at least claims 1 and 15 of the '462 patent are invalid under 35 U.S.C. § 112(b) for indefiniteness because they each recite at least one means-plus-function claim element for which no corresponding structure is sufficiently disclosed in the '462 patent specification in accordance with 35 U.S.C. § 112(f).

52. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

53. An actual and justiciable controversy exists between Video Insight and Hawk with respect to whether the '462 patent is invalid. A judicial declaration is necessary and appropriate so that Video Insight may ascertain its rights regarding the '462 patent.

54. Video Insight is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

### COUNT THREE – DECLARATORY JUDGMENT OF INTERVENING RIGHTS

55. Video Insight repeats and realleges paragraphs 1-54 as if fully set forth herein.

56. As of June 12, 2012, when the '462 patent was reissued, Video Insight had invested years of effort to develop its video surveillance products, including 10 years in the development of enterprise IP software. Video Insight has grown from a startup company in 2002 to a company with over 130 employees and multi-million dollar annual revenues.

57. Each of the original claims of the '462 patent was amended during reissue.

58. Each of the amended and new claims of the '462 patent is not substantially identical to the claims of the patent as originally issued.

59. Hawk admitted the claims of the '462 patent are not substantially identical to the claims of the patent as originally issued when Hawk filed a malpractice suit against the attorneys

that prosecuted the reissue that ultimately became the '462 patent. (*See* Complaint, attached hereto as Exhibit 7.)

60. In that malpractice complaint, Hawk stated that "the Firm needlessly and negligently altered the text of the '410 patents independent claims in such a manner that they are no longer identical to the original claims" and that the claims were unnecessarily broadened. (*See id.*)

61. Video Insight is entitled to absolute and equitable intervening rights pursuant to 35 U.S.C. § 252.

62. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

63. An actual and justiciable controversy exists between Video Insight and Hawk with respect to whether Video Insight has absolute and/or equitable intervening rights. A judicial declaration is necessary and appropriate so that Video Insight may ascertain its rights.

64. Video Insight is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Video Insight Inc. respectfully requests the following relief:

(a) A declaration that Video Insight has not and is not infringing, either directly, indirectly, or contributorily, any valid claim of the '462 patent, as requested by Count I of this action;

(b) A declaration that the '462 patent is invalid, as requested by Count II of this action;

      (c)      A declaration that Video Insight has intervening rights pursuant to 35 U.S.C. § 252 with respect to the '462 patent, as requested by Count III of this action;

      (d)      An award of all damages, including special damages, provable at trial;

      (e)      An order enjoining Hawk, its officers, directors, agents, counsel, servants, and employees, and all persons in active concert or participation with any of them, from charging infringement or instituting any action for infringement of the '462 patent against Video Insight and/or any of Video Insight's customers or downstream users of Video Insight's products;

      (f)      An order declaring that Video Insight is the prevailing party and that this is an exceptional case under 35 U.S.C. § 285 and awarding Video Insight its costs, including attorneys' fees, in connection with this action; and

      (g)      Such other relief as the Court may deem just and proper.

## JURY DEMAND

Video Insight hereby demands a trial by jury on all issues so triable.

Dated:  December 11, 2014

    */s/ Johanna Oliver Rousseaux*
Johanna Oliver Rousseaux
jorousseaux@jonesday.com
Florida Bar No. 598321
JONES DAY
600 Brickell Avenue
Brickell World Plaza
Suite 3300
Miami, FL  33131
Tel.:  (305) 714-9700
Fax:  (305) 714-9799

OF COUNSEL:

Geoffrey Gavin
ggavin@jonesday.com
J. Jason Williams
jjwilliams@jonesday.com
JONES DAY
1420 Peachtree Street, NE, Suite 800
Atlanta, GA  30309-3053
Tel: (404) 521-3939
Fax: (404)581-8330

ATTORNEYS FOR PLAINTIFF
VIDEO INSIGHT INC.